UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. AGHA-KHAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>　　　　　Defendants. | CASE NO. 1:15-CV-00042-AWI<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS**<br><br>(Docs. 5, 7, 8, 13, 14, 37, 38, 39, 43, 44, 53, 71, 75, 96, 107) |

　　　　This is case brought by Plaintiff Salma H. Agha-Khan against a laundry list of roughly 58 named defendants and 100 Doe defendants.  Now pending before the Court and decided in this order are a motion to dismiss by defendants David Cooper, Barry Lee Goldner, Lisa Holder, Klein Denatale, Goldner Cooper Rosenlieb and Kimball LLP, Connie Parker, and Jeffrey Vetter (Doc. 5), a motion to dismiss by defendants Andrew Bao, CitiMortgage Inc., CitiBank, N.A., Brian Gunn, Heather Kim, and Wolfe & Wyman LLP (Doc. 7), a motion to strike by defendants Andrew Bao, CitiMortgage Inc., CitiBank, N.A., Brian Gunn, Heather Kim, and Wolfe & Wyman LLP (Doc. 8), a motion to dismiss by defendants Re Max Holdings Inc. and Re Max LLC (Doc. 13), a motion to dismiss by defendants Jodie Goodman, Patricia Laffin-Miko, Mother Lode Holding Company, Placer Title Company, and Theresa Roberts (Doc. 14), a motion to strike by defendant Gary Grossman (Doc. 37), a motion to dismiss by defendant Gary Grossman (Doc. 38), a motion to dismiss by defendants Frederick Clement, Richard Lee, and the United States of America (Doc. 39), two motions for sanctions by Agha-Khan (Docs 43, 44), Agha-Khan's motion to transfer the

action from the Eastern District of California (Doc. 53), Agha-Khan's motion for disclosure of names of judges making the recommendation and signing the "Internal Transfer" order of her Eastern District bankruptcy case to the Eastern District (Doc. 71), Agha-Khan's motion for order returning possession of her home, real property located at 11622 Harrington Street, Bakersfield, CA (Doc. 75), a motion to dismiss by defendants Anthony Darling, August Landis, Mark Pope, Gregory Powell, Robin Tubesing, and the United States of America (Doc. 96), and Agha-Khan's motion to disqualify the Eastern District from her case and all its related matters (Doc. 107). For the reasons that follow, the Court denies all of Agha-Khan's pending motions (Docs. 43, 44, 53, 71, 75, 107), grants all the motions to dismiss with prejudice (Docs. 5, 7, 13, 14, 38, 39, 96), and denies the motions to strike as moot (Docs. 8, 37).

*__Background__*

Agha-Khan filed the present action in United States Bankruptcy Court in the Eastern District of California on December 31, 2014. Doc. 1. The case was reassigned to this Court for all further proceedings. Doc. 4. The core of the complaint is that the defendants allegedly acted improperly before, during, and after Agha-Khan's Chapter 7 bankruptcy case filed in the Bankruptcy Court for the Eastern District of California, Case No. BK 10-161183 ("Bankruptcy Case"). Doc. 1.

This case does not exist in isolation, however, but is instead one of a constellation of suits before this court, other federal courts, and in California superior courts. Agha-Khan has filed multiple separate lawsuits arising from the same residential mortgage loan and same real property: (1) Khan v. CitiMortgage, Inc., No. S-1500-CV-278192 (Super. Ct. Cal.) (voluntarily dismissed without prejudice); (2) Khan v. CitiMortgage, Inc., No. 1:12-cv-02056, Doc. 11 (E.D. Cal. Feb. 7, 2013) (voluntarily dismissed without prejudice); (3) Khan v. CitiMortgage, Inc., No. 1:13-cv-01378, Doc. 7 (E.D. Cal. Sept. 30, 2013) (granting motion to dismiss and judgment in favor of CitiMortgage, Inc. and Wilmington Trust Company); and (4) Agha v. CitiMortgage, Inc., et. al., No. 13-01086-B, Doc. 264 (E.D. Cal. Feb. 19, 2015) (granting motion to dismiss without prejudice to debtor's right to pursue non-bankruptcy claims in a court of proper jurisdiction). Indeed, in a fifth case, the Central District of California granted motions to dismiss filed by many

of the same defendants in this case on substantially similar issues as before this court now. See Salma Agha-Khan v. United States of America, et al., No. 2:14-cv-03490, Doc. 218 (C.D. Cal. April 20, 2015). The order by the Central District is now on appeal in the Ninth Circuit.

In the Central District, Agha-Khan was provided two opportunities to amend her complaint but ultimately failed to state any cognizable claim. Her claims in her Second Amended Complaint ("SAC"), filed on September 12, 2014, were organized into five "conglomerations of frauds," all of which related to her Bankruptcy Case and certain estate assets. Id. at 2. With respect to the first "conglomeration of frauds," Agha-Khan alleged that defendants conspired to "illegl[ly] reopen[]" her Bankruptcy Case, which had been closed on September 23, 2010. Id. The United States Trustee sought to reopen the Bankruptcy Case, due to Agha-Khan's purported "fail[ure] to disclose in her bankruptcy schedules, including but not limited to, an interest which ha[d] not been administered by the estate." Id. The Bankruptcy Case was reopened on September 18, 2012. Agha-Khan alleges that the granting of the Motion to Reopen was fraudulent. Id.

The second "conglomeration of frauds" related to the attorneys that were hired by the trustee in Agha-Khan's Bankruptcy Case. Id. The trustee, Vetter, submitted an application to hire KDG to represent him in the bankruptcy proceedings. Id. at 2-3. Vetter represented that based upon the declaration of Lisa Holder, a KDG attorney, he "believe[d] that [KDG and] its members and/or associates do not hold or represent an interest adverse to that of [Vetter] or the estate." Id. at 3. However, Agha-Khan alleges that the firm previously represented her in a separate matter and ultimately settled a malpractice claim that Agha-Khan asserted against the firm. Id. She alleges that Vetter "deliberately conceal[ed] the conflict of interest between [her] and Defendant KDG law firm." Id. However, the SAC also includes an exhibit containing a statement by Holder that KDG's "conflict check had not picked up prior representation of Dr. Agha" because of the different names Agha-Khan had used in the past. Id. Moreover, the KDG representation related to "construction defects" at Agha-Khan's house, and "[t]he specific attorney who represented Dr. Agha[-Khan] left the firm in or about May 2010." Id. In the Bankruptcy Case, Judge Clement approved the employment of KDG, and found that the firm's prior representation of Agha-Khan "d[id] not present grounds for disqualification." Id.

The third, fourth, fifth, and sixth "conglomerations of frauds" concerned Agha-Khan's allegations regarding the sale of an interest in an LLC and the interest in litigation in which the LLC was involved. Id. Although the SAC is difficult to understand, the SAC exhibits clarify that the "San Francisco Lawsuit" refers to a lawsuit filed in October 2011, on behalf of Agha-Khan and a limited liability corporation, "Vodka from Around the World" ("VFAW") – in which Agha-Khan had an interest. Id. The defendants in the San Francisco Lawsuit included Breitman and BBG, a real estate broker and a real estate brokerage firm that allegedly advised Agha-Kahn and VFAW regarding Agha-Khan's investment in a San Francisco nightclub. In the San Francisco Lawsuit, Agha-Khan alleged, among other things, that Breitman and BBG breached their representation agreement by "encourage[ing] Plaintiffs to occupy the [club premises] without making sure that the landlord had first approved Plaintiffs as a subtenant." Id. The landlord later forced Agha-Khan to vacate the premises, leading to a loss in Agha-Khan's investment. Id.

In the re-opened Bankruptcy Case, Vetter proposed to sell the estate's interest in VFAW and the San Francisco Lawsuit at a "private sale with an opportunity for overbid at the hearing," believing the sale to be "in the interest of the estate because it will liquidate an asset of the estate quickly without the need to enter into litigation that may have an uncertain result." Id. at 4. After considering Agha-Khan's opposition, the Bankruptcy Court granted Vetter's motion. Id. The Bankruptcy Court rejected Agha-Khan's argument that the trustee, Vetter, had abandoned the interest in the San Francisco Lawsuit, and found that the interest in litigation remained the property of the estate. Id. While Agha-Khan had an opportunity to bid to repurchase the interest in VFAW and the San Francisco Lawsuit, she withdrew from bidding. The VFAW interest and the interest in the San Francisco Lawsuit were sold to BBG on January 24, 2013. Id. In the SAC, Agha-Khan alleges that "Defendants lay a fraudulent claim on Plaintiffs [sic] San Francisco lawsuit calling it an 'asset' when only a trial date was set and claiming it to be 'PROPERTY OF ESTATE' lying that Plaintiff had failed to disclose and schedule this possible future 'lawsuit asset,' an intangible asset, in Schedule B of her original Bankruptcy schedules." Id. In sum, in the Central District, Agha-Khan claimed that the reopening of her Bankruptcy Case because of her supposedly undisclosed interest in VFAW and the San Francisco Lawsuit, and the subsequent sale

of such interests, were improper. Id. On April 20, 2015, the Central District issued an order dismissing the case with prejudice and finding that Agha-Khan had failed to state any cognizable claims. Id.

On December 31, 2014, Agha-Khan filed a substantially similar complaint in the United States Bankruptcy Court in the Eastern District of California. Doc. 1. This complaint lists additional defendants and causes of action. It also does not use the words "conglomeration of frauds," but is based upon the same alleged massive overarching conspiracy of fraud and the same alleged nucleus of facts as those alleged in the Central District. The case was reassigned to this Court for all further proceedings. Doc. 4. A multitude of motions to dismiss have since been filed, with Agha-Khan responding with volumes of pleadings and a multitude of her own motions.

***Motions to Dismiss (Docs. 7, 13, 14, 39) and Motions to Strike (Doc. 8)***

As these events have given rise to separate district court cases, the court must focus on the allegations and causes of action present in this case and determine if they are distinct from the allegations and causes of action that were decided in the Central District of California. Plaintiff cannot assert essentially identical causes of action in multiple cases before the district court. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.' " Adams v. California Dep't Health Serv., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008) and quoting Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3rd Cir. 1977).

To determine whether a suit is duplicative, courts use the test for claim preclusion. As the Supreme Court stated in The Haytian Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124 (1894); see also Hartsel Springs Ranch of Col, Inc. v. Bluegreen Corp., 296 F.3d 982, 987 n. 1 (10th Cir. 2002) ("[I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion."); Curtis v. Citibank, N.A., 226 F.3d 133, 139–40 (2nd Cir. 2000) ("[T]he normal claim preclusion analysis

applies and the court must assess whether the second suit raises issues that should have been brought in the first."); Davis v. Sun Oil Co., 148 F.3d 606, 613 (6th Cir. 1998) (per curiam) (referring to the doctrine against claim-splitting as "the 'other action pending' facet of the res judicata doctrine").

Thus, in assessing whether the second action is duplicative of the first, courts examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. See Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 2012) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

*1. Same Transaction*

The Court must first examine whether the causes of action in Agha-Khan's two suits arise from the same transaction. To ascertain whether successive causes of action are the same, the Ninth Circuit uses a transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992), citing Restatement (Second) of Judgments § 24(1) (1982). In applying the transaction test, the Ninth Circuit examines four criteria:

> "(1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. 'The last of these criteria is the most important.'"

Adams, 487 F.3d at 689, quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-2 (9th Cir. 1982). In the present complaint, Agha-Khan has listed additional causes of action compared with those in her SAC in the Central District of California. However, the Court has reviewed both the SAC filed in the Central District and the operative complaint in this Court and finds that both arise out of the same transactional nucleus of facts. The allegations in this court

6

relate to the "conglomeration of frauds" that she alleged in the Central District. Indeed, both complaints revolve around the same alleged massive conspiracy of fraud initiated by a few "main players." Both matters would involve substantially the same evidence. The rights or interests established by the Central District judgment would further be impaired by the prosecution of this action. This suit is based on events occurring before the filing of the action in the Central District. Agha-Khan had knowledge of the facts underlying her new causes of action and could have litigated them in initial suit. Thus, under the Costantini factors, the Court finds that the causes of action listed in Agha-Khan's Central District SAC arise out of the same transaction as the causes of action pled in this Court.

### 2. Same Parties or Privies

The Court must next determine whether the parties in this action are the same or in privity with the parties in the Central District action. In fact, many of the defendants in this case are the same as in the Central District. Defendants United States of America, Fredrick Clement, Bruce Breitman, BBG Ltd, the Estate of Peter Zouras, David N. Chandler (aka David N. Chandler Sr.),[1] David N. Chandler PC, CitiMortgage Inc., CR Title Services Inc, Debbie Banducci, Re Max LLC,[2] and Re Max Magic were all defendants in the Central District. Since these defendants are the same as in the Central District and the causes of action all arise out of the same transaction as in the Central District, the claims against these defendants are duplicative proceedings.

Agha-Khan's present complaint also names additional defendants that were not explicitly named in the Central District, but are nonetheless in privity with Central District defendants. In Taylor, the Supreme Court recognized six categories of non-party relationships that are sufficient to justify a finding of preclusion. 553 U.S. at 893. The six categories are:

1. The nonparty agrees to be bound by a prior judicial determination between other parties;
2. A substantive legal relationship exists that binds the nonparty;
3. The nonparty was adequately represented in the prior litigation by someone with the same interests who was a party;
4. The nonparty assumed control of the prior litigation;

---

[1] David N. Chandler Sr. is in fact named twice on the current complaint as he is also listed as "David N. Chandler," without the suffix, which is how he was named as a defendant in the Central District SAC.

[2] Re Max LLC, a real estate corporation, is called Re Max Real Estate Corporation in the Central District SAC and judgment.

    5. The nonparty is the proxy or agent of a party to the prior litigation;
    6. A special statutory scheme expressly forecloses subsequent litigation by the nonparty.

Id. at 893-95.

The third category applies here to officers of the United States. " 'There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government.' " Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (although the defendants in the case were different than the defendants in a prior case, all defendants in both cases were representatives of the United States who were involved in the same events and therefore they were protected them from relitigation because there was privity between officers of the same government), quoting Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-3 (1940). Defendant Judge Richard Lee is employed by the United States. The United States of America was a defendant in the Central District. The complaint only alleges acts by Judge Lee within the scope of his employment. The complaint here revolves around the same massive conspiracy of fraud as the Central District. Indeed, the complaint specifically alleges that "[a]ll of these corrupt Defendants together PERFECTLY EXECUTED THEIR PLAN WITH EACH DEFENDANT ACTING THEIR PART ACCORDING TO THE LEGAL POSITION THEY HELD – donning their cloaks of Bankruptcy Judge, Bankruptcy Trustee and Attorneys etc." Id. at 47:22-25. Accordingly, Judge Richard Lee is in privity with Central District defendants to the extent that it protects him from defending this duplicative proceeding.

The third category also protects agents and principals of the Central District defendants from relitigation in this Court. See Adkins v. Allstate Ins., Co., 729 F.2d 974, 975 n. 1 (4th Cir. 1984) (defendant in privity with employer since the claim against him "implicates only actions taken by him within the scope of his employment as an . . . agent."); Henry v. Farmer City State Bank, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata."). The claim against the Estate of Peter J. Zouras in the Central District implicated only alleged

actions taken by Peter J. Zouras within the scope of his employment at the Law Offices of Peter J. Zouras. Accordingly, the Law Offices of Peter J. Zouras is in privity with the Estate of Peter J. Zouras. For similar reasons, David N. Chandler Jr. is in privity with the Central District defendant David N. Chandler PC.

Likewise, the attorneys and their law firms who advised defendants in the Central District with respect to the transactions giving rise to these claims are in privity to the extent that they can take advantage of the claim-preclusion available to the defendants. See Weinberger v. Tucker, 510 F.3d 486, 493 (4th Cir. 2007); Plotner v. AT&T Corp., 224 F.3d 1161, 1169 (10th Cir. 2000); Mortell v. Mortell Co., 887 F.2d 1322, 1327 (7th Cir. 1989) (any liability of the attorney would be derivative; because the client "has prevailed," the attorney "too is entitled to judgment."). While privity does not automatically exist with respect to every attorney-client interaction (Weinberger, 510 F.3d at 493), when a law firm defendant appears in a subsequent action "by virtue of their activities as representatives" of a party in a prior action, privity exists. Plotner, 224 F.3d at 1169. In this matter, Bruce Breitman was a defendant in the Central District. Terry Carlson and Terry Carlson Law Firm are defendants in this Court and were allegedly fraudulently hired by Breitman to represent Vodka From Around the World LLC. Accordingly, since any liability against Terry Carlson and Terry Carlson Law Firm would be derivative of Breitman, they are in privity here. Similarly, Wolfe & Wyman LLP and its attorneys Brian Gunn, Andrew Bao, and Heather Kim, Pite Duncan LLP and its attorneys Eddie Jimenez, Brian Paino, Michael Krahenbuhl, and Richard Monahan, and Gattuso & Kummer Law and its attorney Dixon Kummer are being sued "by virtue of their activities as representatives" of their client the Central District defendant CitiMortgage Inc. They, accordingly, are in privity.

The second and third category applies to parent and subsidiary defendants. See, e.g., Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 728 (9th Cir. 1991) (holding that "wholly-owned subsidiary and partnership in which that subsidiary is the general partner may invoke the two dismissals of the subsidiary's parent and claim res judicata"), cert. denied, 503 U.S. 920 (1992); In re Gottheiner, 703 F.2d 1136, 1139–40 (9th Cir. 1983) (defendant in prior suit was wholly owned by defendant in subsequent suit, and collateral estoppel

barred second suit); <u>Sparks Nugget, Inc. v. CIR</u>, 458 F.2d 631, 639 (9th Cir. 1972) (privity exists between a sole or controlling stockholder and its company), <u>cert. denied sub nom.</u> <u>Graves v. CIR</u>, 410 U.S. 928 (1973). The SAC in the Central District named CitiMortgage Inc. and CR Title Services Inc. as defendants. In the present complaint, Agha-Khan has named their parent company CitiBank, N.A., and fellow subsidiary Wilmington Trust Company. Accordingly, CitiBank, N.A., and Wilmington Trust Company are in privity with the Central District defendants CitiMortgage Inc. and CR Title Services Inc. By the same token, Re Max Holdings Inc., a parent company, is in privity with the Central District defendants Re Max LLC and Re Max Magic.

Thus, by bringing additional causes of action and by naming additional defendants in privity with prior defendants based upon the same operative nucleus of facts, Agha-Khan is attempting to fragment a single complaint, file a third amended complaint from her complaint in the Central District, and litigate piecemeal issues that could have been resolved in her earlier action. Indeed, Agha-Khan sought leave to amend in the Central District to file a third amended complaint adding many of the defendants now named here. <u>See</u> No. 2:14-cv-03490, Docs. 129-30. The Court denied this motion as moot after dismissing the case with prejudice. <u>See id</u>., Doc. 218. Nevertheless, without being granted leave to amend, Agha-Khan filed motions for sanctions in the Central District against, and listing as defendants, many of the newly named defendants in this Court. <u>See id</u>., Doc. 179.

Additionally, the complaint reads more like a manifesto than proper legal pleadings and fails to set forth a short and plain statement of the claim showing how plaintiff is entitled to relief as required to comply with Federal Rule of Civil Procedure 8(a)(2) and fails to allege fraud with the particularity required by Federal Rule of Civil Procedure 9(b). Indeed, Agha-Khan's allegations here and in the Central District both revolve around a massive and fanciful conspiracy against her by numerous judicial officers, attorneys, and individuals. Amendment to this would be futile.

Accordingly, the Court dismisses, with prejudice, the claims against the United States of America, Fredrick Clement, Bruce Breitman, BBG Ltd, the Estate of Peter Zouras, David N. Chandler (aka David N. Chandler Sr.), David N. Chandler PC, CitiMortgage Inc., CR Title

10

Services Inc., Re Max LLC, Debbie Banducci, Re Max Magic, Judge Richard Lee, the Law Offices of Peter J. Zouras, David N. Chandler Jr., Terry Carlson, Terry Carlson Law Firm, Wolfe & Wyman, LLP, Brian Gunn, Andrew Bao, Heather Kim, Pite Duncan LLP, Eddie Jimenez, Brian Paino, Michael Krahenbuhl, Richard Monahan, Gattuso & Kummer Law, Dixon Kummer, CitiBank, N.A., Wilmington Trust Company, and Re Max Holdings Inc., as duplicative proceedings of an earlier-filed action. The Court dismisses them to protect the parties from frivolous and expensive litigation and to promote judicial economy. Cf. Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952) ("Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems.").

Consequently, this Court grants the motions to dismiss with prejudice filed by defendants Andrew Bao, CitiMortgage Inc., CitiBank, N.A., Brian Gunn, Heather Kim, and Wolfe & Wyman LLP (Doc. 7), by defendants Re Max Holdings Inc. and Re Max LLC (Doc. 13), and by defendants Frederick Clement, Richard Lee, and the United States of America (Doc. 39). The motion to strike by defendants Andrew Bao, CitiMortgage Inc., CitiBank, N.A., Brian Gunn, Heather Kim, and Wolfe & Wyman LLP (Doc. 8) is denied as moot.

### *Motions to Dismiss (Docs. 5, 96)*

Agha-Khan also asserts various claims against the bankruptcy trustee, Jeffrey Vetter, and his counsel. The Central District dismissed these claims under the Barton doctrine for lack of subject matter jurisdiction. This doctrine requires that "a party must first obtain leave of the bankruptcy court before it initiates [1] an action in another forum [2] against a bankruptcy trustee or other officer appointed by the bankruptcy court [3] for acts done in the officer's official capacity." Crown Vantage, Inc., v. Fort James Corp., 421 F.3d 963, 970 (9th Cir. 2005). Substantially similar claims with additional defendants to the ones in the Central District were filed in the Bankruptcy Court for the Eastern District of California before being transferred to this Court. Defendants David Cooper, Barry Goldner, Lisa Holder, Klein Denatale Goldner Cooper Rosenlieb and Kimball LLP, Connie Parker, and Jeffrey Vetter ("Vetter/KDG Defendants") have

filed a motion to dismiss these claims.³ The <u>Burton</u> doctrine is not a bar to subject matter jurisdiction in this Court, however, because the matter is here with leave of the bankruptcy court.

Nevertheless, the Court grants this motion to dismiss as Agha-Khan has no claims for relief against Jeffrey Vetter and his attorneys because they are protected by California's absolute litigation privilege. This privilege applies to communications or publications made in a judicial proceeding. <u>See</u> Cal. Civ. C. § 47(b). Consequently, California's litigation privilege bars the claims against the Vetter/KDG Defendants because Agha-Khan's theory against them is that she was harmed by acts taken in her bankruptcy proceedings. Specifically, she alleges the Vetter/KDG Defendants participated in the "illegal" reopening of her bankruptcy case. Agha-Khan states no factual allegations against the Vetter/KDG Defendants, distinct from communications and pleadings in the bankruptcy proceedings, other than making conclusory and fanciful allegations that the Vetter/KDG Defendants recruited other defendants, including virtually every lawyer and professional who Agha-Khan had any dealings with, in a massive conspiracy against her. In view of that, the Vetter/KDG Defendants are protected by California's absolute litigation privilege.

Agha-Khan now also brings claims against the United States Trustee's Office employees August Landis, Mark Pope, Gregory Powell, Robin Tubesing, and Antonia Darling.⁴ United States trustees are protected by a quasi-judicial immunity for acts and conduct in the course of their employment. <u>See</u> <u>Balser v. Dep't of Justice</u>, 327 F.3d 903, 909 (9th Cir. 2003). The complaint only alleges acts by the current and former members of the United States Trustee's Office that were taken in the course of their employment – specifically, the filing of an application to reopen Agha-Khan's Chapter 7 bankruptcy proceeding and the rejection of Agha-Khan's misconduct complaint(s). Consequently, these United States Trustee's Office employees are protected by quasi-judicial immunity. Additionally, the allegations against the Trustee's Office

---

³ Lisa Holder, Barry Goldner, Connie Parker and David Cooper are attorneys and law partners with Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale"). Klein, DeNatale are the bankruptcy court-approved attorneys for Jeffrey Vetter, as Chapter 7 Trustee for the estate of Salma Agha, United States Bankruptcy Court Eastern District of California Case No. 10-16183.

⁴ These defendants also note that the complaint and the summons were not properly served on them. <u>See</u> Fed. R. Civ. P. 4.

employees, and the Vetter/KDG Defendants, violate Rule 8(a)(2) and Rule 9(b) and are so fanciful that any amendment would be futile. The Court therefore grants the United States Trustee's Office employees and the Vetter/KDG Defendants' motions to dismiss (Docs. 5, 96) with prejudice.

*__Motion to Dismiss (Doc. 38)__*

Agha-Khan has also named as defendants Gary Grossman, Bob Grossman, Robert Grossman, and Lerer Brothers Inc. in this Court. Gary Grossman has since filed a motion to dismiss (Doc. 38) as well as a motion to strike (Doc. 37). Gary Grossman, Bob Grossman, Robert Grossman, and Lerer Brothers Inc. previously successfully defended a similar lawsuit by Agha-Khan in the San Francisco Superior Court. See Judge Ronald Quidachay's Order Sustaining Gary Grossman's Demurrer, No. CGC-14-540428 (Super. Ct. Cal. February 4, 2015). In that case, Agha-Khan sued Garry Grossman, Bob Grossman, Robert Grossman, and Lerer Brothers Inc. for fraud, misrepresentation, theft, and colluding with others to steal from her and for remedies arising from the same set of facts that are at issue in this case. The complaint was dismissed with prejudice. Consequently, the present allegations against the defendants are barred by res judicata. See San Diego Police Officers' Ass'n v. San Diego City Employee's Retirement System, 568 F.3d 725, 734 (9th Cir. 2009) (a federal court must give a state court judgment the same preclusive effect that would be given to that judgment under the law of the state in which judgment was entered). The motion to dismiss (Doc. 38) is therefore granted with prejudice. The motion to strike by Gary Grossman (Doc. 37) is denied as moot as it pertains to him.

*__Motion to Dismiss (Doc. 14)__*

Agha-Khan also named the new defendants Jodie Goodman, Patricia Laffin-Miko, Mother Lode Holding Company, Placer Title Company, and Theresa Roberts in this Court. Jodie Goodman, Patricia Laffin-Miko, and Theresa Roberts are all employees or legal advisors to Mother Lode Holding Company and Placer Title Company. They have filed a joint motion to dismiss. Doc. 14. The motion to dismiss argues that Agha-Khan has failed to comply with Rule 8(a) and failed to plead fraud with the required particularity. The Court agrees. Here, Plaintiff fails to assert any facts whatsoever against Mother Lode Holding Company, Jodie Goodman,

1  Patricia Laffin-Miko, and Theresa Roberts other than whom they are. The sole allegation pled
2  specifically against Placer Title Company relates to actions Placer took as an escrow agent in a
3  cancelled escrow, but does not legally or factually connect this to any of her causes of action.
4  Thus, the complaint fails to set forth a short and plain statement of the claim showing how
5  plaintiff is entitled to relief as required to comply with Rule 8(a)(2) and fails to allege fraud with
6  the particularity required by Rule 9(b). Agha-Khan was given two opportunities to amend her
7  complaint based upon the same nucleus of facts in the Central District yet failed to state any
8  cognizable claims in that court. Furthermore, the allegations in the present complaint are so
9  fanciful that any amendment would be futile. Accordingly, the Court grants this motion to dismiss
10 (Doc. 14) with prejudice.

### *Motions for Sanctions (Docs. 43, 44)*

Agha-Khan has filed a motion for sanctions on defendants Placer Title Company, Mother Lode Holding Company, Jodie Goodman, Theresa Roberts, and Patricia Laffin-Miko and a motion for sanctions on defendants CitiBank, N.A., CR Title Services Inc., CitiMortgage Inc., Wolf & Wyman LLP, Brian Gunn, Andrew Bao, and Heather Kim. Agha-Khan seeks sanctions against these parties under 28 U.S.C. § 1927, Chambers v. Nasco Inc., 501 U.S. 32 (1991), and Federal Rule of Civil Procedure 11. The Court finds that Agha-Khan's motions for sanctions are frivolous. Defendants filed successful motions to dismiss, have not exhibited bad faith, and have not unreasonably multiplied the proceedings in any way. Indeed, Agha-Khan is the party that is unreasonably multiplying proceedings and exhibiting bad faith by filing a multitude of meritless pleadings and motions in a variety of courts against nearly every single person ever to be involved in her bankruptcy proceedings in any manner or fashion. Agha-Khan's motions for sanctions (Docs. 43, 44) are therefore denied.

### *Motion to Transfer the Action to the Central District (Doc. 53)*

Agha-Khan filed a motion to transfer the action from the Eastern District to the Central District due to a conflict of interest with her second notice of related action pending in the Central District. Agha-Khan alleges two grounds for this motion. Doc. 53. One is that there is a related action pending in the Central District of California. Id. As discussed previously, the Central

1  District has already dismissed Agha-Khans's action in that court.

2  The other alleged ground for transfer is that Judge Ishii and other judges of the Eastern District of California allegedly have a conflict of interest due to several co-workers and friends being named as defendants in the case. Id. Specifically, Agha-Khan argues that there is a conflict of interest in the Eastern District because Judge Clement, Judge Lee, and Judge Landis are in the same building as Judge Ishii and possibly other staff and defendants. Id. The governing statute for judicial disqualification provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 714 (9th Cir. 1990), quoting Herrington v. Sonoma Cnty., 834 F.2d 1488, 1503 (9th Cir.1987) (internal quotation marks omitted). Under section 455(b)(1), a federal judge should be disqualified if the judge "has a personal bias or prejudice concerning a party." 11 U.S.C. § 455(b)(1). "The negative bias or prejudice . . . must be grounded in some personal animus or malice that the judge harbors against [a party], of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes. Moreover, recusal is required only if actual bias or prejudice is proved by compelling evidence." Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996) (citation omitted) (internal quotation marks omitted). In deciding a disqualification motion, the court exercises its discretion. Focus Media, Inc. v. Nat'l Broad. Co., 378 F.3d 916, 922 (9th Cir. 2004) (stating that a court's denial of a disqualification motion is reviewed for abuse of discretion), citing United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000).

23  Here, Agha-Khan speculates about personal relationships among the judges of the Eastern District that might give rise for a reasonable observer to question the impartiality of the judges. Section 455(a), however, does not require recusal based on speculation. See Clemens v. U.S. Dist. Court for Central Dist. Of California, 428 F.3d 1175, 1180 (9th Cir. 2005). Further, "mere familiarity with the defendant(s)" is not ordinarily sufficient to require a section 455(a) recusal. Id. at 1178, quoting Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). Agha-Khan argues that

the fact that Judge Ishii has not already transferred the case to the Central District because of alleged "extreme Judicial corruption" in the Eastern District is evidence of a conflict of interest. She attempts to bootstrap her argument with the underlying allegations against the judicial defendants in the matter. This line of reasoning is circular and unpersuasive. The Court finds there are no grounds for disqualification and denies Agha-Khan's motion to transfer the action to the Central District (Doc. 53).

### *Motion for Disclosure of Names (Doc. 71)*

Agha-Khan has a filed a motion for disclosure of actual names of judges making the recommendation and signing the "internal transfer" order of her Eastern District bankruptcy related adversary case no. 14-01155 to Eastern District case no. 15-00042-AWI. Agha-Khan premises this motion on Federal Rule of Civil Procedure 60(b)(6) and argues that she is seeking clarification for "any other reason that justifies relief." She argues that clarification is necessary here because of "extreme corruption that exists in the Eastern District Judicial System." The recommendation that reference be withdrawn pursuant to 28 U.S.C. § 157(d), however, was clearly made by the Chief Bankruptcy Judge of the Eastern District of California. See Doc. 1. There is only one Chief Bankruptcy Judge in the Eastern District of California. The order withdrawing reference of the matter from bankruptcy court pursuant to 28 U.S.C. § 157(d) was clearly made by Chief Judge Morrison England of the Eastern District of California. See Doc. 3. The Court finds that no clarification is necessary. Agha-Khan's motion for disclosure of names (Doc. 71) is denied.

### *Motion for Order Returning Possession of Real Property (Doc. 75)*

Agha-Khan filed a motion for order returning possession of her home, real property located at 11622 Harrington Street, Bakersfield, CA 93311. Like her other filings, Agha-Khan's motion is convoluted, hyperbolic, and disorganized, but she seems to argue that the defendants fraudulently performed her bankruptcy proceedings and the subsequent foreclosure sale of her home and consequently she is entitled to the return of her home. The allegations here parallel those made in her underlying complaint. She argues that defendants CitiMortgage Inc., CR Title Services Inc., Pite Duncan LLP, Brian Gunn, Eddie Jimenez, Brian Paino, Wolfe & Wyman LLP, Andrew Bao,

Heather Kim, Brian Gunn, Re Max LLC, Re Max Magic, and Debbie Banducci all conspired with CitiBank, N.A., to illegally reopen her bankruptcy proceeding and steal her property. Since the allegations against these defendants in her complaint have been dismissed, she is not entitled to the relief that she seeks. Her motion for order returning possession of real property (Doc. 75) is therefore denied.

### *Motion for Disqualification of Eastern District (Doc. 107)*

Agha-Khan filed a largely duplicative motion to disqualify the Eastern District from her case and all its related matters. For the reasons discussed above in regards to Agha-Khan's motion to transfer the action to the Central District, this motion (Doc. 107) is denied as well.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to dismiss (Docs. 5, 7, 13, 14, 38, 39, 96) are GRANTED;

2. Defendants' motions to strike (Docs. 8, 37) are DENIED AS MOOT;

3. Plaintiff's pending motions (Docs. 43, 44, 53, 71, 75, 107) are DENIED; and

4. Defendants the United States of America, Fredrick Clement, Bruce Breitman, BBG Ltd, the Estate of Peter Zouras, David N. Chandler (aka David N. Chandler Sr.), David N. Chandler PC, CitiMortgage Inc., CR Title Services Inc., Re Max LLC, Debbie Banducci, Re Max Magic, Judge Richard Lee, the Law Offices of Peter J. Zouras, David N. Chandler Jr., Terry Carlson, Terry Carlson Law Firm, Wolfe & Wyman, LLP, Brian Gunn, Andrew Bao, Heather Kim, Pite Duncan LLP, Eddie Jimenez, Brian Paino, Michael Krahenbuhl, Richard Monahan, Gattuso & Kummer Law, Dixon Kummer, CitiBank, N.A., Wilmington Trust Company, Re Max Holdings Inc., David Cooper, Barry Goldner, Lisa Holder, Klein Denatale Goldner Cooper Rosenlieb and Kimball LLP, Connie Parker, Jeffrey Vetter, August Landis, Mark Pope, Gregory Powell, Robin Tubesing, Antonia Darling, Brian Grossman, Bob Grossman, Robert Grossman, Lerer Brothers Inc., Jodie Goodman, Patricia Laffin-Miko, Mother Lode Holding Company, Placer Title Company, and Theresa Roberts are DISMISSED from the case with prejudice.

1
2  IT IS SO ORDERED.
3  Dated:   September 28, 2015                    _____
                                                   SENIOR DISTRICT JUDGE
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28