UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. AGHA-KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>Defendants. | CASE NO. 1:15-CV-00042-AWI<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY REMAINING DEFENDANTS SHOULD NOT BE DISMISSED<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Agha-Khan filed the present action in United States Bankruptcy Court in the Eastern District of California on December 31, 2014 against roughly 58 named defendants and 100 Doe defendants. Doc. 1. The case was reassigned to this Court for all further proceedings. Doc. 4. The core of the complaint is that the defendants allegedly acted improperly before, during, and after Agha-Khan's Chapter 7 bankruptcy case filed in the Bankruptcy Court for the Eastern District of California, Case No. BK 10-161183. Doc. 1. On September 29, 2015, this Court granted seven motions to dismiss filed by various defendants and consequently dismissed with prejudice 51 defendants from the case. Doc. 134. Only defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural were not dismissed by the September 29, 2015 order. Id.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." It is now well past 120 days after the complaint was filed. The remaining defendants never filed motions to dismiss and the Court has no evidence that they were ever properly served pursuant to Rule 4. Accordingly, Agha-Khan is required to show cause why the remaining defendants should not be dismissed based on a failure to properly effect service on them. See Fed. R. Civ. P. 4(m); In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). If Agha-Khan either fails to respond to this order or responds but fails to show cause, the Court will dismiss without prejudice Defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural should not be dismissed from this action for a failure to properly effect service on them; and

2. If Plaintiff fails to respond to this order or fails to show cause, the Court will dismiss without prejudice Defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural.

IT IS SO ORDERED.

Dated:   November 2, 2015                        _____
                                                 SENIOR DISTRICT JUDGE