UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. AGHA-KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,<br><br>Defendants. | CASE NO. 1:15-CV-00042-AWI<br><br>ORDER ON MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT<br><br>(Docs. 99-100) |

Plaintiff Agha-Khan filed the present action in United States Bankruptcy Court in the Eastern District of California on December 31, 2014 against roughly 58 named defendants and 100 Doe defendants. Doc. 1. The case was reassigned to this Court for all further proceedings. Doc. 4. The core of the complaint in this case and in several related lawsuits is that the defendants allegedly acted improperly before, during, and after Agha-Khan's Chapter 7 bankruptcy case filed in the Bankruptcy Court for the Eastern District of California, Case No. BK 10-161183. Doc. 1. On September 29, 2015, this Court granted seven motions to dismiss filed by various defendants and consequently dismissed with prejudice 51 defendants from the case. Doc. 134. Previously, on May 14, 2015, Defendants CitiMortgage, Inc., CitiBank, N.A., Wolfe & Wyman LLP, Brian H. Gunn, Andrew A. Bao, and Heather S. Kim ("the Moving Defendants") had filed a motion to declare plaintiff a vexatious litigant. Docs. 99-100. The motion seeks a pre-filing review order against Agha-Khan and a security to cover the Moving Defendants expenses in litigating the action. Id. at 17:1-10. On June 16, 2015, the Moving Defendants filed a notice of non-opposition to the motion to declare plaintiff a vexatious litigant as an opposition had not been timely filed by

its deadline on June 8, 2015.  Doc. 121.  Agha-Khan subsequently filed an opposition on August 17, 2015.  Doc. 123.  The Moving Defendants replied.  Doc. 126.  No oral arguments have been held and the matter has been decided on the papers.

**Agha-Khan's Litigation History**

Plaintiff has brought at least five prior actions involving the same residential mortgage loan and same real property as this matter against CitiMortage, Inc. and dozens of other defendants:

1. <u>Khan v. CitiMortgage, Inc.</u>, No. S-1500-CV-278192 (Super. Ct. Cal.) (voluntarily dismissed without prejudice).

2. <u>Khan v. CitiMortgage, Inc.</u>, No. 1:12-cv-02056, Doc. 11 (E.D. Cal. Feb. 7, 2013) (voluntarily dismissed without prejudice).

3. <u>Khan v. CitiMortgage, Inc.</u>, No. 1:13-cv-01378, Doc. 7 (E.D. Cal. Sept. 30, 2013) (granting motion to dismiss with prejudice and judgment in favor of CitiMortgage, Inc. and Wilmington Trust Company).

4. <u>Agha v. CitiMortgage, Inc., et. al.</u>, No. 13-01086-B, Doc. 264 (E.D. Cal. Feb. 19, 2015) (granting motion to dismiss without prejudice to debtor's right to pursue non-bankruptcy claims in a court of proper jurisdiction).

5. <u>Salma Agha-Khan v. United States of America, et al.</u>, No. 2:14-cv-03490, Doc. 218 (C.D. Cal. April 20, 2015) (granting motions to dismiss with prejudice).

Agha-Khan filed the instant action on December 31, 2014 in United States Bankruptcy Court for the Eastern District of California before the matter was reassigned to this Court.  Since the matter was assigned here, Agha-Khan has filed a multitude of motions:

1. Doc. 43: Added Request to Impose Sanctions on Defendants for Violating 28 U.S.C. § 1927, Rule 11 for Misrepresentations and Filing Papers with this Court in Bad Faith.

2. Doc. 44: Added Request for Sanctions Against These Defendants Misrepresentations in their Filings Submitted in Bad Faith.

3. Doc. 53: Ex Parte Motion/Application to Transfer the Action Herein from Eastern District to Central District Due to Conflict of Interest with Plaintiff's Second Notice of

Related Action Pending in Central District.

4. Doc. 71: Motion re: Plaintiff's Request for Disclosure of Actual Names of Judges Making the Recommendation and Signing the "Internal Transfer" Order of her Eastern District Bankruptcy Related Adversary Case No 14-01155 to Eastern District Case No 15-00042-AWI, Ignoring Conflict of Interest and Plaintiff's Ex Parte to Transfer and Merge it with Related Case Pending in Central District; and

5. Doc. 75: Motion for Order Returning Possession of her Home, Real Property Located at 11622 Harrington Street, Bakersfield, CA 93311 to Disqualify Defendant Counsel from Representing Defendant Trustee Vetter for Conflict of Interest: Violation of Law.

6. Doc. 107: Motion for Order re: Disqualifying the Eastern District from Her Case and All its Related Matters.

On September 29, 2015, this Court denied all of Agha-Khan's pending motions, granted seven motions to dismiss filed by various defendants, and consequently dismissed with prejudice 51 defendants, including the Moving Defendants, from the case. Doc. 134.

**Authority of the Court**

The Moving Defendants seek a pre-filing order that Agha-Khan must obtain this Court's approval prior to (i) filing any further papers in this action, (ii) filing any future actions against Moving Defendants, (iii) adding Moving Defendants to any action Plaintiff may have filed, and (iv) transferring any of Plaintiff's purported choses in action to any third party or parties causing said parties to file future actions against Moving Defendants. Doc. 100, 17:2-7. Federal courts are vested with the discretion to enjoin certain litigants from engaging in frivolous litigation. See 28 U.S.C. § 1651; Clinton v. United States, 297 F.2d 899 (9th Cir. 1961). As stated by the Ninth Circuit, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 48 (9th Cir. 1990); see also O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). Indeed, a court may restrict litigants with abusive and lengthy histories from submitting future filing of actions or papers provided that it: (1) gives the litigant an opportunity to oppose the order before it is entered, i.e., notice; (2) creates an adequate

record for review; (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) drafts a sufficiently detailed order. De Long, 912 F.2d at 1145–48; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047 (9th Cir. 2007).  The Ninth Circuit has explained that "orders restricting a person's access to the courts must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." DeLong, 912 F.2d at 1149.  A court must make detailed findings sufficient to support its conclusion that the plaintiff's court actions are frivolous or harassing.  Id. at 1148; see also Cramer v. Target Corp., 2010 WL 95851, at *3 (E.D. Cal. Jan. 6, 2010).  Making such findings requires the court to examine both the number and content of the plaintiff's filings for frivolity, bad faith, or harassment.  De Long, 912 F.2d at 1148.

Courts, however, should rarely issue orders requiring the review of a litigant's pleadings before their filing.  De Long, 912 F.2d at 1147, quoting Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).  Because a pre-filing order such as the one the Moving Defendants advocate for interferes with the constitutional right of court access, it is "an extraordinary remedy that should be narrowly tailored and rarely used."  See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990).  A pre-filing order "cannot issue merely upon a showing of litigiousness." Id.  The review of the plaintiff's claims must establish that they were both numerous and without merit. Id.

The Court finds Agha-Khan has received notice of the motion to declare her a vexatious litigant as she has filed an opposition.  The Court also finds that many of Agha-Khan's filings in this matter are frivolous and without merit.  The Court specifically noted this in denying her two motions for sanctions (docs. 43-44) against defendants in this matter.  Doc. 134, 14:11-23.  She has further brought complaints and motions in this Court, in the Central District, and in the Superior Court of California that are patently without merit and bordering on the ludicrous, such as motions for recusal of the entire Eastern District based upon an alleged bias of the entire judicial and court staff and claims where judicial immunity or other forms of immunity clearly apply.  Indeed, her complaints in this Court and in other courts have revolved around a delusionary and fanciful massive conspiracy against her involving almost every single judge, attorney, and individual to have crossed her path.  There seems to be no purpose in Agha-Khan's

filings other than harassment, and she has obtained no relief, while causing immense strain on the court system and defendants who are required to respond to her frivolous allegations.

Nevertheless, while Agha-Khan's litigious activities have been growing rapidly, in reviewing cases where pre-filing orders have been issued the Court finds that typically the filings are even more numerous than here. See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523, 1526 (9th Cir. 1983) (35 related complaints filed); In re Oliver, 682 F.2d 443, 444 (3rd Cir. 1982) (over 50 frivolous cases filed); In re Green, 669 F.2d 779, 781 (D.C. Cir. 1981) (per curiam) (over 600 complaints filed). Furthermore, a pre-filing order is "an extraordinary remedy that should be narrowly tailored and rarely used." Moy, 906 F.2d at 470. Accordingly, the Court declines to issue a pre-filing order against Agha-Khan at this time. However, the Court strongly warns her that, if she continues her current conduct, she is rapidly approaching the day were such an order is issued against her.

The Moving Defendants also seek an order requiring Agha-Khan to post a security bond of at least $25,000 to cover the costs of Moving Defendants being required to litigate this action. Doc. 100, 17:7-10. The inherent authority of the Court includes the authority to require the posting of a bond before allow a plaintiff to proceed further. See e.g., Simunet East Associates v. Ramada Hotel Operating Co., 812 F.3d 1116, 1121 (9th Cir. 1987); In re Merrill Lynch Relocation Management, Inc., 812 F.2d 1116, 1121 (9th Cir. 1987). This authority allows a court to have some control over the administration of a lawsuit. See Ilro Productions, Ltd. v. Music Fair Enterprises, 94 F.R.D. 76, 78 (S.D. N.Y. 1982), citing Leighton v. Paramount Pictures Corp., 340 F.2d 859, 861 (2d Cir. 1965). Indeed, the applicable local rule states:

> "(b) Security for Costs. On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby."

L.R. 151.

The applicable California code provision states:

> "In any litigation pending in any court of this state, at any time until final judgment

is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant."

Cal. Code Civ. Proc. § 391.1.

This Court, however, has already granted the Moving Defendants motion to dismiss and has dismissed the Moving Defendants from the case with prejudice. Doc. 134. Accordingly, since it seems unlikely that the Moving Defendants will accrue any substantial additional costs in litigating the present action, the Court declines at this time to order that a security bond be issued against Agha-Khan.

Accordingly, IT IS ORDERED:

1. Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Docs. 99-100) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   November 10, 2015                   _____
                                              SENIOR DISTRICT JUDGE