UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALMA H. AGHA-KHAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et. al.,,<br><br>Defendants. | No.  1:15-CV-00042-DAD<br><br>ORDER DISMISSING REMAINING DEFENDANTS |

Plaintiff Agha-Khan filed the present action in United States Bankruptcy Court for the Eastern District of California on December 31, 2014 against roughly 58 named defendants and 100 Doe defendants.  (Doc. No. 1.)  The case was subsequently reassigned to the District Court for all further proceedings.  (Doc. No. 4.)  The core allegation of the complaint is that the defendants acted improperly before, during, and after Plaintiff's Chapter 7 bankruptcy case filed in the Bankruptcy Court for the Eastern District of California, Case No. BK 10-161183.  (Doc. No. 1.)  On September 29, 2015, the previously assigned District Judge granted seven motions to dismiss filed by various defendants and consequently dismissed with prejudice 51 defendants from the case.  (Doc. No. 134.)  Only named defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural ("the remaining defendants") remained following the September 29, 2015 dismissal order.  (Id.)

On November 3, 2015, the previously assigned District Judge issued an order to show cause, due within 30 days, why the remaining defendants should not be dismissed from this action for a failure to properly serve them. (Doc. No. 137.) The Court advised that "[i]f Plaintiff fails to respond to this order or fails to show cause, the Court will dismiss without prejudice Defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural." (Id.) Over 30 days have passed since the issuance of the Order to Show Cause and Plaintiff has failed to respond to the order or otherwise contact the Court.

A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *See e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Ferdik*, 963 F.2d at 1260–61.

At this time, the Court has no choice but to dismiss this action as to the remaining defendants. Plaintiff has failed to respond to the order to show cause, despite being provided more than ample time to do so. There is still nothing before the Court to suggest that the remaining defendants were ever properly served. Plaintiff was further warned that her failure to timely respond to the order to show cause would result in the dismissal of her complaint against the remaining defendants. The Court cannot manage its docket if it maintains cases in which a plaintiff fails to prosecute his or her case and fails to comply with the Court's orders. The public's interest in the expeditious resolution of litigation weighs in favor of dismissal of such cases so that the Court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff lacks enough of an interest to respond to court orders. Less drastic

sanctions have been considered, but given Plaintiff's failure to respond to the order to show cause, the Court orders that the remaining defendants be dismissed and that this case closed.

For the reasons set forth above,

1) Defendants John Thomas Dzialo, the Law Offices of John Thomas Dzialo, Stuart Spencer, Scott Hayward, Syed Saghir, Candice Davis, and Jason Sadural are dismissed from this action; and

2) The Clerk of the Court shall close the case.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE